IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CORINTHIAN MCCOY                                             PETITIONER

v.                              Case No. 5:06CV00261  JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                  RESPONDENT

## ORDER  DENYING
## CERTIFICATE OF APPEALABILITY

Petitioner has filed a notice of appeal from this Court's order of February 13,

2007, denying his petition for writ of habeas corpus.

In his habeas petition, Petitioner raised the following grounds for relief:

1.      Trial counsel was ineffective for failing to object to jury instructions
        numbers 13 and 15, "which submitted two theories to the jury that
        created a fatal variance that allowed the jury to convict [Petitioner]
        based [on] insufficient evidence of guilt beyond a reasonable
        doubt"; and

2.      Petitioner was denied his Sixth Amendment and Fourteenth
        Amendment rights because the circuit court allowed Petitioner's
        Rule 37 petition to sit dormant for nearly eight years.

In its order dismissing Petitioner's habeas corpus petition, the Court found that

Petitioner had not shown that the Arkansas Supreme Court's adjudication of his

ineffective assistance of counsel claim resulted in a decision that was contrary to, or

involved an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984), or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court further found that even if the Court assumed that the Arkansas Supreme Court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, Petitioner would not be entitled to relief as he had not met the *Strickland* standard.

With respect to Petitioner's claim that he was denied his Sixth Amendment and Fourteenth Amendment rights because the circuit court allowed his Rule 37 petition to sit dormant for nearly eight years, the Court found that a writ of habeas corpus is not the appropriate remedy for a state prisoner to challenge errors or defects in state post-conviction proceedings, including delays in hearing and deciding state post-conviction petitions.

Where an applicant files a notice of appeal in a proceeding in which the detention complained of arises from process issued by a state court, the district court must either issue a certificate of appealability or state why a certificate should not issue. Fed. R. App. P. 22(b)(1); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. at 483-84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack* v. *McDaniel*, 529 U.S. at 484; *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. Accordingly, the Court finds that a certificate of appealability should not issue.

IT IS SO ORDERED this 16th day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE